UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEMOND COOK (#367617)                                          CIVIL ACTION

VERSUS

SGT. WADE T. LAMOTTE, ET AL.                                   NO. 14-0428-BAJ-RLB

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on July 22, 2014.

                                                            **RICHARD L. BOURGEOIS, JR.**
                                                             **UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DEMOND COOK (#367617)** | **CIVIL ACTION** |
| **VERSUS** | |
| **SGT. WADE T. LAMOTTE, ET AL.** | **NO. 14-0428-BAJ-RLB** |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The *pro se* plaintiff, an inmate previously confined at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, has filed this proceeding in yet another attempt to assert a claim pursuant to 42 U.S.C. § 1983 against EBRPP officials Sgt. Wade Lamotte, Lt. Leonard Harris, Dpty Alfred Glasper, Dpty Johnathan Malveaux, Dpty Don Williams and Warden Dennis Grimes, complaining that his constitutional rights were violated on November 28, 2009, when he was allegedly subjected to excessive force and to deliberate medical indifference by the defendants. Specifically, the plaintiff alleges that on the referenced date, after he admittedly caused a disturbance so as to obtain the attention of security officers, defendant Lamotte and several other defendant security officers arrived on the plaintiff's cell tier, approached the plaintiff's cell, and ultimately entered the cell, after which defendant Lamotte discharged a taser gun at the plaintiff. The plaintiff asserts that defendant Lamotte intentionally acted so as to provoke the incident and then continued to apply the taser gun while defendants Harris and Malveaux subjected the plaintiff to kicks and blows. The plaintiff further contends that he was thereafter escorted to the prison infirmary, but he asserts that he was denied appropriate medical treatment.

This is the third civil proceeding filed by the plaintiff arising out of the incident referred to above. In the first-filed case, *Demond Cook v. Sgt. Lamont, et al.*, Civil Action No. 11-0358-BAJ-DLD (M.D. La.), the Court entered Judgment on January 25, 2013, dismissing the plaintiff's claims as barred by the applicable one-year statute of limitations. The plaintiff subsequently appealed that determination to the United States Court of Appeals for the Fifth Circuit, and the appeal was dismissed by that Court on August 2, 2013, upon a finding that the appeal was legally frivolous. In the second-filed case, *Demond Cook v. Sgt. Lamont, et al.*, Civil Action No. 14-0028-BAJ-RLB (M.D. La.), the plaintiff asserted the same claims and, relying upon his interpretation of state law, sought to obtain the benefit of a two-year limitations period relative to his claims. Notwithstanding, pursuant to Ruling and Order dated July 2, 2014, the plaintiff's second-filed case has also been dismissed, upon a determination by the Court that the claims are frivolous and upon a determination, again, that the claims are barred by reason of the applicability of Louisiana's one-year limitations period to his cause of action. Now, the plaintiff again seeks to assert claims against the same parties arising out of the same incident, and he seeks to invoke the supplemental jurisdiction of the Court over claims arising under state law, again contending that a two-year limitations period should be applied to his claims. He also asserts that the Complaint in this case should be seen to relate back to the filing of his prior pleadings before this Court.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed pursuant to these provisions if the action or claim lacks an arguable basis either in fact or in law. *Denton v.*

*Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim lacks a factual basis if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez, supra*, 504 U.S. at 32. A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Applying the foregoing standard, the Court finds that the plaintiff's Complaint should be dismissed. Specifically, it has been recognized that "[a] case may be dismissed as malicious if it duplicates claims that the same plaintiff has raised in previous or pending litigation." *Lewis v. Secretary of Public Safety and Corrections*, 508 Fed. Appx. 341, 343-44 (5th Cir.), *cert. denied*, 133 S.Ct. 2802 (2013). "A case is duplicative if it involves 'the same series of events' and allegations of 'many of the same facts as an earlier suit.'" *Id.* Upon a finding by the Court that the plaintiff's Complaint in this case is duplicative of the claims asserted in the two prior cases referenced above, his claim asserted herein is subject to dismissal as being legally frivolous and as being malicious within the meaning of 28 U.S.C. §§ 1915(e) and 1915A.

## RECOMMENDATION

It is recommended that this action be dismissed as legally frivolous and malicious pursuant to 28 U.S.C. §§ 1915(e) and 1915A. It is further recommended that the plaintiff's

pending motions in this case, to "relate back" and "to amend" (Rec. Docs. 4 and 5), be denied.

Signed in Baton Rouge, Louisiana, on July 22, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**