# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEMOND COOK** | **CIVIL ACTION** |
| **VERSUS** | |
| **WADE T. LAMOTTE, ET AL.** | **NO.: 3:14-cv-00428-BAJ-RLB** |

## RULING AND ORDER

On July 22, 2014, the United States Magistrate Judge issued a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), recommending that Plaintiff Desmond Cook's ("Plaintiff") Complaint (Doc. 1) be dismissed as legally frivolous and malicious, and that Plaintiff's pending motions to "relate back" and "to amend" (Docs. 4, 5) also be denied. (Doc. 6).

The Magistrate Judge's Report and Recommendation specifically notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 6 at p. 1). A review of the record indicates that Plaintiff did timely file objections to the Magistrate Judge's Report and Recommendation.[1] (Doc. 8). Plaintiff also filed supplemental objections a few days later. (Doc. 9).[2]

---

[1] In his first set of objections, Plaintiff relies on *Rumberg v. Weber Aircraft Corp.*, 424 F. Supp. 294 (C. D. Cal. 1976). (Doc. 8 at p. 1-2). However, *Rumberg* applied California's Code of Civil Procedure, which is not applicable here. The Louisiana Civil Code and the attendant rules of prescription apply. Further, Plaintiff attempts to draw parallels between cases wherein courts

Having carefully considered the Plaintiff's Complaint and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts its findings of fact, conclusions of law, and recommendation.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report (Doc. 6) is ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that the above captioned matter be **DISMISSED** as legally frivolous and malicious, pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

---

permitted amending of the complaint in the same lawsuit; here, Plaintiff has effectively filed the same complaint three separate times. (*See* Doc. 6 at p. 3) (listing the citations of three prior cases). Finally, as Plaintiff highlights in his objections, the Court must apply state law in determining the statute of limitations, specifically applying the state statute of limitations for personal injury cases. *See Wilson v. Garcia*, 471 U.S. 261 (1985). Accordingly, Plaintiff's objections are without merit.

[2] In his second set of objections, Plaintiff focuses on the Court's characterization of his claim and the timing of his filings. However, what Plaintiff's objections fail to acknowledge is the inapplicability of the two-year prescriptive period outlined in Louisiana Civil Code Article ("Article") 3493.10. As already discussed, "§ 1983 claims are best characterized as personal injury actions." *Wilson*, 471 U.S. at 280. *See also Gates v. Spinks*, 771 F.2d 916, 919 (5th Cir. 1985) ("the state statute governing the general tort remedy for personal injuries should apply to 1983 actions"). The Louisiana Civil Code provides a general one-year prescriptive period for tort actions. *See* La. C.C. art. 3492 ("Delictual actions are subject to a liberative prescription of one year."). Plaintiff has failed to present a decision of the Louisiana Supreme Court, the Fifth Circuit, or the United States Supreme Court that would serve as authority for his assertion that his claims are subject to the two-year prescriptive period under Article 3493.10. Indeed, there is authority supporting the contrary. *See Owens v. Okure*, 488 U.S. 235 (1989) (holding that district courts are directed to apply the "residual or general personal injury statute of limitations" even if a state has different statute of limitations for enumerated intentional torts). Thus, under *Owens*, even if the conduct alleged could be characterized as a crime of violence, Article 3493.10 is inapplicable, and the applicable prescriptive period for Plaintiff's claims is the one-year period outlined in Article 3492.

**IT IS FURTHER ORDERED** that Plaintiff's pending motions to "relate back" and "to amend" (Docs. 3, 4)³ be **DENIED**.

Baton Rouge, Louisiana, this 21st day of January, 2015.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

³ The Magistrate Judge's Report and Recommendation mistakenly lists the pending motions as Record Docket Numbers 4 and 5. The correct Record Docket Numbers are 3 and 4.